# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

J.D. ASHLEY, SR. FAMILY LIMITED
PARTNERSHIP; RICHARD H. ASHLEY;
AND J.D. ASHLEY, JR.                                                                       PLAINTIFFS

VS.                              NO. 4:09CV833JMM

VALLEY FORGE INSURANCE COMPANY
AND CONTINENTAL CASUALTY
COMPANY                                                                    DEFENDANTS

## STIPULATED PROTECTIVE ORDER GOVERNING EXCHANGE OF INFORMATION REGARDED AS CONFIDENTIAL BY PRODUCING PARTY

Subject to the Court's approval, the parties in this action stipulate to the following protective order.

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, testimony or other information derived therefrom as "Confidential", as governed by this Order. For purposes of this Order, "confidential information" is information which concerns or relates to attorney's fees, attorney's services, invoices and statements for attorney's services, financial and sales information, marketing plans, the processes, operations, type of work, or apparatus, or the production, shipments, purchases, transfers, identification of

customers, inventories, amount or source of any income, profits, losses, investments or expenditures of any persons, film, partnership, corporation, or any other organization, the disclosure of which information may have the effect of causing annoyance, embarrassment, oppression, undue burden, or harm to the personal financial or competitive position of the person or entity from which the information was obtained.

2. "Confidential" as used herein means any type or classification or form of information (oral, written, magnetic, electronic or otherwise) which is designated under this Order as "Confidential" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise.

3. In designating information as "Confidential", the producing party will make such designation only as to that information that it in good faith believes contains, confidential information.

4. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of litigation of this action, regardless of whether such material is also obtained through discovery in this action or from disclosing its own confidential material it deems appropriate.

5. Should any party to this litigation obtain documents from a third party, by subpoena or otherwise, which contain or can reasonably be assumed to contain confidential information of another party to this litigation, such documents shall be treated by the receiving party as "Confidential" under this Order, unless otherwise expressly released in writing by the party which is the owner or subject of such confidential information. The third party may designate documents or other information as "Confidential" and shall be entitled to all the protections of this Order.

6. Confidential documents shall be designated by stamping "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

7. To facilitate the inspection of large volumes of documents without the need to first affix a "Confidential" designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information learned in its initial inspection which is not contained in the copied documents as

being designated "Confidential - For Attorneys' Eyes Only" material. In the event that at the time a document is produced the designation "Confidential" is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the producing party may restrict future disclosure of the document, consistent with this Order, by notifying the receiving party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the documents is to be governed.

8. Testimony taken at a deposition, conference, hearing or other proceeding may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing the proceeding to separately bind such portion of the transcript containing information designated as confidential and to label such portion appropriately.

9. Material designated as confidential under this Order, the information contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

10. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, counsel for a party (including the paralegal, clerical, and secretarial staff employed by counsel), and "qualified persons" designated below:

    a. A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Experts or consultants (together with their clerical star) retained by counsel to assist in the prosecution, defense, or settlement of this action;

    c. Court reporters employed in this action;

    d. A witness at any deposition or other proceeding in this action; and

    e. Any other person as to whom the parties in writing agree.

Before receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall acknowledge in writing that he has received and read a copy of this Order and that he is bound by the terms hereof. A copy of such acknowledgment is attached hereto as Exhibit "A".

11. Depositions shall be taken only in the presence of qualified persons.

12. At the conclusion of this litigation, the parties and their counsel shall, upon request, return to counsel for the disclosing party, all documents and items

which are confidential and supplied subject to this Order as well as any copy notes, or record of confidential information supplied by the disclosing party subject to this Order including copies supplied to experts, consultants, or witnesses.

13. If confidential material, including any portion of a deposition transcript designated as "Confidential" or "Confidential - Attorney's Eyes Only", is included in any papers to be filed in court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

14. If any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15. This Order shall be without prejudice to the right of the parties:

a. to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

b. to present a motion to the Court under Rule 26(c) of the Arkansas Rules of Civil Procedure or applicable Federal Rule for a separate protective order as to any particular document or information including restrictions differing from those as specified herein. This

Order shall not be deemed to prejudice the parties in any way future application for a modification of this Order.

16. Should any information designated as confidential material be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party that designated the document as confidential; and (c) request such person to sign the acknowledgment, attached as Exhibit "A", which states that they received and read this Order and agree to be bound by the terms hereof. The acknowledgment shall promptly be served upon the party designating the document as confidential material.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by either party, including but not limited to a waiver of the attorney client privilege, or to be an alteration of the confidentiality or non-confidentiality of any

such document or information or to be an alteration of any existing obligation of any party or the absence of any such obligation.

18. This Order shall survive the final termination of this action to the extent that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED this  11  day of  March , 2010.

_____
HONORABLE JAMES M. MOODY,
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

*Attorneys for Plaintiffs*
/s/ A. Vaughan Hankins
Stuart W. Hankins, Esq.
A. Vaughan Hankins, Esq.
Hankins Law Firm, P.A.
800 West Fourth Street
North Little Rock, AR 72114

*Attorneys for Defendants*
/s/ David M. Donovan
David M. Donovan, Esq.
Staci Dumas Carson, Esq.
Watts, Donovan & Tilley, P.A.
200 S. Commerce Street, Suite 200
Little Rock, AR 72201-1769

# EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER GOVERNING EXCHANGE OF INFORMATION REGARDED AS CONFIDENTIAL BY PRODUCING PARTY

I, _____, hereby acknowledge that:

(a) I have received a copy of the Stipulated Protective Order Governing Exchange of Information Regarded as Confidential by Producing Party entered into by the parties to this action;

(b) I have either read the Protective Order and/or have had the terms of the Protective Order explained to me by an attorney;

(c) I understand the terms of the Protective Order and agree to comply with and to be bound by such terms;

(d) I may receive documents or information designated as "CONFIDENTIAL" and I understand that such documents and information are provided to me pursuant to the terms and restrictions of the Protective Order;

(e) I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Protective Order;

(f) I agree that I shall return to the litigant counsel for the disclosing party all documents and items which are confidential and supplied subject to this Order as well as any copies, notes, or record of confidential information supplied by the disclosing party subject to this Order including copies supplied to experts, consultants, or witnesses;

(g) I hereby submit myself to the jurisdiction of the District Court for the Eastern District of Arkansas, for resolution of any matters pertaining to the Protective Order entered by the Court.

Signature:_____
–

Date: _____