IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
WESTERN DIVISION

J.D. ASHLEY, SR. FAMILY LIMITED
PARTNERSHIP; RICHARD H. ASHLEY
AND J.D. ASHLEY, JR.                                                                    PLAINTIFFS

V.                                         NO. 4:09CV00833  JMM

VALLEY FORGE INSURANCE COMPANY
AND CONTINENTAL CASUALTY
COMPANY                                                                                  DEFENDANTS

## ORDER

Pending before the Court are plaintiffs's Motion for Partial Summary Judgment (#10) and defendants's Cross-Motion for Summary Judgment.  For the reasons stated below defendants's motion is granted and plaintiffs's motion is denied.

Plaintiffs brings breach of contract and bad faith claims seeking damages and declaratory relief based upon defendants's refusal to provide a defense to a lawsuit filed against plaintiffs in Pulaski County Circuit Court (the "state court lawsuit").  Defendants deny that they had a duty to defend.

Defendant Valley Forge Insurance Company insured plaintiffs under a commercial general liability coverage policy numbered C. 1029302439 and defendant Continental Casualty Company insured plaintiffs under a commercial general liability coverage policy numbered C 2072696765.  Defendants's duty to defend arises under policy # 1029302439 (the "primary policy").

1

The insuring agreement in the Valley Forge policy provides that "[t]his insurance applies to 'bodily injury' and 'property damage only if the 'bodily injury' or 'property damage' is caused by an 'occurrence.'" *See* Pl. Motion for Partial Summary Judgment, Doc. #10, Ex. A-2 part 2, p. 31. In the context of this case, there must have been allegations of "bodily injury" or "property damage" caused by an "occurrence."

These terms are defined in the policy. Property damage is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property. . ., or . . . [loss] of use of tangible property that is not physically injured." Pl. Motion for Partial Summary Judgment Doc. #10, Ex. A-2 part 3, p. 2. "Bodily injury means bodily injury, sickness or disease sustained by a person. . .." " Pl. Motion for Partial Summary Judgment Doc. #10, Ex. A-2 part 2, p.41. Occurrence is defined as: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Pl. Motion for Partial Summary Judgment Doc. #10, Ex. A-2 part 3, p. 1.

The policy also contains a contractual liability exclusion which states "[t]his insurance does not apply to . . . '[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by the reason of the assumption of liability in a contract or agreement." Pl. Motion for Partial Summary Judgment, Doc. #10, Ex. A-2 part 2, p. 31-32.

The interpretation of policy language is for the Court except in cases where the language is ambiguous. These definitions have been in liability policies for may years and are clear and unambiguous.

When the policy language is clear and unambiguous the Court must then look to the allegations of the complaint to determine if they meet the definitions in the insuring agreement of

the policy.  The allegations in the complaint determine the obligation of the insurer to defend. *See Equity Mut. Ins. Co. v. S. Ice Co.*, 232 Ark. 41, 49, 334 S.W. 2d 688, 693 (1960).  In determining whether an insurer has a duty to defend, the cause of action must be analyzed by looking at the "qualify and purpose" of the complaint as a whole.  *See Fisher v. Travelers Indem. Co.*, 240 Ark. 273, 275, 398 S.W.2d 892, 893-94 (1966).  Defendants have a duty to defend only if (1) there was property damage or bodily injury, (2) caused by an occurrence and (3) which is not excluded by the contractual liability exclusions.

In the underlying suit for which a defense was requested and denied, J.D. Ashley, Sr., by and through Charolette Ashley as his attorney in fact, sued Richard H. Ashley and J.D. Ashley, Jr., his sons, and the J.D. Ashley, Sr. Family Limited Partnership.  The complaint stated that it was "a direct action to enforce a partner's rights under a partnership agreement, for a preliminary and permanent injunction, for a declaratory judgment, for an accounting as the partnership's activities and assets, and for conversion, constructive trust, and punitive damages." Pl. Motion for Partial Summary Judgment Doc. #10, Ex. A-1, p. 2.  Richard H. Ashley and J.D. Ashley, Jr., were the managing general partners of J.D. Ashley, Sr. Family Limited Partnership.

The Ashleys and the partnership filed a Motion for Summary Judgment which was granted in their favor resulting in the state court lawsuit being dismissed with prejudice.  An appeal of that dismissal is currently pending before the Arkansas Court of Appeals.

Defendants contend that their complaint failed to allege an occurrence which would trigger their duty to defend, that the complaint failed to allege any bodily or property damage, and that the policy's contractual liability exclusion applies.  Plaintiffs contend that their allegations in their state lawsuit of gross negligence, recklessness, conversion and constructive fraud fall within

the definition of an accident and that the contractual liability exclusion only operates to deny coverage when the insured has promised to indemnify or hold another person harmless. Plaintiffs also contend that they made allegations of possible bodily and property injury in their complaint by alleging the following:

> Rick and Junior have breached this duty by willfully and maliciously using their control of the Family L.P. to deny temporarily their own Dad his only source of income at a time when Dad needs at-home medical care and treatment. . ..
>
> * * *
>
> Moreover, Rick and Junior know or ought to have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in *injury and damage*, and they continued such conduct with malice or in reckless disregard of the consequences from which malice my be inferred. Either that, or Rick and Junior intentionally pursued a course of conduct for the purpose of causing *injury and damage* to their own Dad. So, Dad is entitled to punitive damages in an amount to be determined by a jury.

Pl. Motion for Partial Summary Judgment Doc. #10, Ex. A-1 p. 9 (emphasis added).

Plaintiffs also argue that constructive fraud and conversion can be deemed "an event that takes place without one's foresight or expectation" or "an unusual effect of a known cause, and therefore not expected" because constructive fraud and conversion do not have to be the result of actual fraud or dishonesty and can be the result of a mistake. *See City Nat'l Bank v. Goodwin*, 301 Ark. 182, 783 S.2d 385 (1990) (conversion can arise out of a mistake); *Morris v. Valley Forge Insurance*, 305 Ark. 25, 805 S.W.2d 948 (1991) (failure to disclose existence of lien without proof of actual fraud or dishonesty implicates only constructive fraud).

The Court does not agree. A necessary element of constructive fraud is a material misrepresentation of fact. *See Knight v. Day*, 343 Ark. 402, 405, 36 S.W.3d 300, 303 (2001). Wrongful possession of another's property is a necessary element of conversion. *Volgelgesang v.*

4

*Volgelgesang*, 2010 Ark. App. 178, 2010 WL 653573 (2010).  Whether one wrongly exercises control over another's property or makes a material misrepresentation by mistake, or with malfeasance in his heart, makes little difference as both are intentional acts and neither can be called an accident.

If the factual allegations in the underlying complaint reflect intentional conduct by the insured, the denomination of any of the claims for relief as "negligence" or "fraudulent" does not transform the character of the action and thereby create a duty to defend.

The complaint in the underlying lawsuit sought relief from J.D. Ashley, Sr.'s sons and the partnership because the sons (1) had him declared incompetent; (2) had him replaced as the managing general partner; and (3) had failed to respond to a request for an accounting.   From the face of the complaint it is clear that the allegations of gross negligence, recklessness, conversion, bad faith, and constructive fraud are related to these disputes.

All of the acts complained of in their complaint were intentional acts which is inconsistent with the definition of an "accident," and it, therefore, is not an "occurrence" covered by the policy.

Because there was no duty to defend as coverage was not triggered by an "occurrence," there is no need to address plaintiffs's remaining arguments.

IT IS SO ORDERED THIS   11    day of    May  , 2010.


                                                                         _____
                                                                         James M. Moody
                                                                         United States District Judge